**Paul O. ROWLEY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 179S34.

Supreme Court of Indiana.

Sept. 20, 1979.

George T. Popcheff, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Paul O. Rowley, was convicted by a jury of two counts of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979), and was sentenced to concurrent fifteen year sentences. He now appeals raising the following issues:

1. Whether the trial court abused its discretion in permitting the state to add an additional witness, Kevin Edmonds, four days before trial;

2. Whether the trial court erred in not instructing the jury on any lesser included offenses; and

3. Whether the trial court erred in sentencing defendant.

The facts most favorable to the state indicate that defendant and an accomplice, Don Cox, approached Drew Geiser in his driveway and took his wallet and watch. Defendant was armed with a knife and Cox had a gun. All three then entered the Geiser home and encountered Stan Geiser, Drew's father. Mrs. Geiser was on the telephone and told the person on the other end of the line to call the police. Defendant and Cox took money from Stan's and Mrs. Geiser's wallets and other money from the house. The police arrived shortly after defendant left.

I.

On Thursday, May 4, 1978, before the trial date, Monday, May 8, 1978, the state added two witnesses to its witness list. One of these witnesses was Kevin Edmonds who later testified as to defendant's admission that he "did a robbery sticking up a red headed boy." Before trial, defense counsel

moved to strike the list claiming the state had not complied with the trial court's discovery order. He claimed the state had two months to prepare for trial and should know of this witness, since Edmonds was charged with murder and armed robbery. However, the prosecuting attorney assigned to this case was not aware that Edmonds could offer any testimony relevant to this case until Wednesday, May 3, 1978. Defense counsel indicated he had no opportunity to speak with the witness. The trial court gave the defendant's counsel the noon recess to interview Kevin Edmonds and offered to take up the matter of allowing additional time if counsel deemed it necessary.

A defendant's remedy when surprised by additional witnesses is to move for a continuance. *Siblisk v. State*, (1975) 263 Ind. 651, 336 N.E.2d 650. However, this Court has held that a continuance is not the sole remedy. *Lund v. State*, (1976) 264 Ind. 428, 345 N.E.2d 826; *Block v. State*, (1976) 265 Ind. 569, 356 N.E.2d 683. Therefore, we do not agree with the state's contention or the Court of Appeals' decision, in *Raymer v. State*, (1978) Ind.App. 381 N.E.2d 109, that failure to move for a continuance waives any error in this regard.

Nevertheless, "[t]he sanctions for failure to comply with discovery orders are discretionary, not mandatory." *Popplewell v. State*, (1978) Ind. 381 N.E.2d 79, 82; *Lund v. State, supra; Block v. State, supra.* The trial court's action here was not an abuse of discretion. The judge informed defendant that, after his interview with the witness during recess, he could request additional time. It was at this point that defendant waived his opportunity to complain of error by making no motion whatsoever, thereby indicating his satisfaction with the procedure adopted.

## II.

Defendant alleges that the trial court erred in not instructing the jury as to any lesser included offenses. He also asserts that the trial judge would not permit defendant to offer instructions on lesser

included offenses, but does not argue this point in his brief. Therefore any error arising from the allegation that the trial judge would not allow the tender of instructions must be deemed waived. Ind.R.Ap.P. 8.3(A); *Faught v. State*, (1979) Ind. 390 N.E.2d 1011. Besides, the judge specifically stated ". . . I'm rejecting your request to include those various lessor [sic] included offenses . . . ." He obviously did consider defendant's suggested instructions.

The remaining issue, then, is whether the trial court erred in not instructing the jury that theft, Ind.Code § 35–43–4–2 (Burns 1979) is a lesser included offense of robbery, Ind.Code § 35–42–5–1 (Burns 1979). The basic proposition is true. *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770. However, the test for determining whether it was error for the trial court to refuse instructions on lesser offenses is not only whether the lesser offense is necessarily included within the greater offense, as charged, but also, whether there was evidence adduced at trial to which the included offense instruction was applicable. *Harris v. State*, (1977) 266 Ind. 661, 366 N.E.2d 186; *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351; *Hash v. State, supra.*

After reviewing the record before us we find that the only disputed fact was the identity of defendant as the perpetrator of this crime. There is no dispute that all of the elements of robbery were present at trial. We have here a case virtually identical to *Feyerchak v. State*, (1978) Ind. 383 N.E.2d 1023, and we arrive at the same conclusion: that it was not error to refuse the instruction on theft as a lesser included offense.

## III.

Defendant claims that the trial judge erred in adding five years to the flat ten years for a class B felony. Defendant asserts that the judge made no statement of reasons for choosing the fifteen year sentence as required by West's Ann.Ind. Code § 35–4.1–4–3 (1978).

We disagree with defendant's assessment of the record. Defendant claims that the following was the only statement the judge made in this regard:

> Court: "Well, granted his prior record isn't that significant, it's mostly, well there's some problems, first degree burglary, there's been quite a bit of it, though."
>
> Mr. Samper: "Very few of those was he represented by counsel. You know, it's awful easy to make a case out in Juvenile Court four or five years ago when there's no attorney around, because they know if they just admit it, they're going to walk out of there that day."
>
> Court: "I find the aggravating circumstances outweigh the mitigating circumstances; . . . ."

This is a statement of at least one reason, history of criminal activity, West's Ann.Ind. Code § 35–4.1–4–7(c)(2) (1978). The statement followed a discussion among the judge, prosecutor and defense attorney regarding the contents of the presentence report.

At an earlier point in this discussion, the trial judge said:

> Court: ". . . this crime was not what you would call a spontaneous or amateurish crime, it was deliberate, planned was extremely violent in its nature not—"
>
> Mr. Samper: "—There was no violence—"
>
> Court: "—No violence, but the nature of it, knife to the throat of somebody and terrorizing the entire family is—"

Defendant claims this statement did not come at the time of sentencing. We find this argument confusing. The statement is lifted directly from the record of the sentencing hearing where such information is supposed to be. West's Ann.Ind.Code § 35–4.1–4–3 (1978). The judge could have made a more cohesive statement, but, in the give and take discussion, including interruptions by trial counsel, his statement became less clear.

We find that the trial judge made an adequate statement of reasons, in the rec-

ord, for the sentence given. In light thereof we do not find that the sentence is "manifestly unreasonable." Ind.R.Ap.Rev. Sen. 2(1); *McNew v. State*, (1979) Ind. 391 N.E.2d 607.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., concurs in result.