Joseph Milton **SCHALKLE**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

No. 1278S304.

Supreme Court of Indiana.

Nov. 8, 1979.

Arlington J. Foley, Crown Point, for appellant (defendant below).

Theo L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The defendant, Joseph Milton Schalkle was convicted by a jury of burglary, a class B felony, Ind. Code § 35–43–2–1 (Burns 1979 Repl.) and robbery, a class B felony, Ind. Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced for a determinate term of 20 years and now raises the following issues in this direct appeal:

1. Whether the trial court erred in denying defendant's motion for a continuance when it was discovered that one of the defendant's witnesses was unavailable to testify;

2. Whether the trial court erred in allowing the state to cross-examine defendant's alibi witness with respect to drug usage;

3. Whether the trial court erred in denying defendant's motion for mistrial after prejudicial rebuttal testimony of one of defendant's witnesses;

4. Whether the trial court erred in refusing to reread prior testimony to the jury after a fifteen-day continuance;

5. Whether it was error to deny defendant's motion for mistrial after allegedly improper argument by the prosecuting attorney;

6. Whether it was error to allow portions of a police report to be stipulated into evidence; and

7. Whether it was error to sentence defendant without a formal entry of "judgment" prior to the sentencing.

A summary of the facts from the record most favorable to the state reveals the following. The victim, Iris Kyle, testified that shortly after 5:00 a. m. on February 3, 1978, she was awakened from her sleep by the barking of her dog. She saw a man run by her bed. There was enough light from kitchen lights that had been left on for her to recognize that man as the defendant whom she had known for about five years. She testified that the defendant had her purse and that he struck at her with a knife when she attempted to stop him. Mrs. Kyle's dog chased the intruder and was later discovered outside the home of defendant's brother. Mrs. Kyle testified that she had locked the doors and windows before going to bed that evening.

I.

The defendant first contends that the trial court erred in denying his motion for a continuance when it was discovered that one of the defense witnesses was unavailable on the day of the trial. The record indicates that the jury for this case was selected and sworn in on the morning of July 17, 1978. At about 1:00 p. m. that afternoon, prior to the presentation of any evidence, the defense counsel told the judge that he had just learned that one of the material defense witnesses, Billy Ott, was in the hospital and would be unavailable to testify that day. At this point, the defense counsel did not know how serious Ott's condition was since he had not been able to talk to the doctor in charge. However, he did ask for a continuance at that time but the motion was denied.

This motion did not meet the statutory requirements of Ind. Code § 35–1–26–1 (Burns 1979 Repl.) since the statute requires that an affidavit be filed five days before trial when a motion for continuance is made. It is well settled that when a motion for a continuance is made that is not in conformity with the statute, the granting of such a continuance rests within the sound discretion of the trial court. *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144; *Johnson v. State*, (1970) 254 Ind. 465, 260 N.E.2d 782. In order to demonstrate an abuse of discretion, defendant must demonstrate he was substantially prejudiced by the denial of his motion. *King v. State*, (1973) 260 Ind. 422, 296 N.E.2d 113; *Napier v. State*, (1971) 255 Ind. 638, 266 N.E.2d 199.

In the instant case, the trial continued on the afternoon of July 17 and the morning of July 18. On July 18, defense counsel told the judge that he had learned that Ott was hospitalized due to an overdose of drugs and would be unable to testify for about two weeks. The judge said that he would complete as much of the trial as possible at that time with the witnesses who were present. When all witnesses had testified except for Ott, the judge then granted a continuance until July 28. Ott was still unavailable on July 28, so the trial was again continued until August 2. At this time, the alternate juror was seated for one of the regular jurors who was then unavailable. During this portion of the trial, one juror requested that some of the previous testimony be reread to the jury. This request was denied.

Defendant now claims that he has suffered substantial prejudice due to the fact that the delay in the trial resulted in the alternate juror being used and caused the jurors to forget important details of the testimony as evidenced by the request from one juror that testimony be reread.

We are not persuaded by this argument. First, the defendant did not object to the use of the alternate juror and that juror was present to hear all the testimony during both parts of the trial. Second, there is no indication that one juror requested the rereading of testimony because she was unable to remember something. Many trials last several months, much longer than the fifteen-day period covered by this trial. Both the prosecutor and defense counsel were given ample time during their closing arguments to summarize and review the testimony. We find no clear showing of prejudice under these circumstances and no abuse of discretion.

## II.

The defendant next argues that the trial court erred when it denied his motion in limine and allowed the state to cross-examine the alibi witness, Billy Ott, as to his use of drugs. The state contends that the cross-examination was proper for the limited purpose of testing the witness's credibility.

It is clear that since Ott testified as an alibi witness his credibility was an issue for the jury. *Simpson v. State*, (1975) Ind.App., 333 N.E.2d 303. The witness's overdose on drugs created a question as to his ability to remember the events of the night in question. It was necessary for the jury to be aware of the drug overdose in order to properly assess Ott's testimony. The trial court carefully admonished the jury to consider the testimony about Ott's drug usage only on the issue of his credibility and not to hold it in any way against the defendant.

It is well settled that the scope and extent of cross-examination is largely within the trial court's discretion and the trial court possesses wide latitude in permitting cross-examination to test the credibility of a witness. *Smith v. State*, (1979) Ind., 388 N.E.2d 484; *Brooks v. State*, (1973) 259 Ind. 678, 291 N.E.2d 559. Since the testimony about drug usage was obviously relevant to Ott's memory of the night of the crime, and there was an admonishment given concerning the use of this testimony, we find no abuse of discretion here.

## III.

Defendant contends that the trial court erred in denying his motion for mistrial made when Iris Kyle, during the

state's rebuttal, remarked that defendant's brother had contacted her five times regarding her testifying at trial. The court immediately ordered the response stricken and admonished the jury to disregard the statement.

Although this statement may have been improper, the record shows that it was only corroborative of the witness's previous testimony on cross-examination and the jury was promptly admonished to disregard it. Under these circumstances, we cannot find that the defendant was placed in a position of grave peril to which he should not have been subjected. It is well settled that the decision as to whether to grant a mistrial lies within the sound discretion of the trial court and will only be reversed upon a showing of abuse of that discretion. *Cummings v. State*, (1979) Ind., 384 N.E.2d 605; *Biggerstaff v. State*, (1977) 266 Ind. 148, 361 N.E.2d 895. There was no abuse of discretion here.

## IV.

■■■■ Defendant also contends that the trial court erred in not rereading prior testimony to the jury pursuant to one juror's request. This request was not made after the jury had retired for deliberations but was made during the trial when the rereading of any testimony is discretionary with the trial judge.

Furthermore, the record shows that there was no objection by defendant at the time of this refusal to reread the testimony. Therefore, defendant has not properly preserved the alleged error for review and the issue is waived. *Biggerstaff v. State, supra; Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188; *Hardin v. State*, (1970) 254 Ind. 56, 257 N.E.2d 671.

## V.

■■■■ Defendant further alleges that it was error to deny his motion for mistrial made after allegedly improper remarks made by the prosecutor in his closing argument. During the state's final summation, the following remarks were made to the jury:

"Defense counsel tells you why didn't the State of Indiana bring Larry Russell back from supposedly he is in Alabama. And then he also tells you that he has as much power to bring him back as the State of Indiana does. Why, didn't he bring him back?"

Defendant objected at this point and made a motion for mistrial which was denied. The trial court immediately gave the following admonition:

"Ladies and gentlemen of the jury, counsel in his closing arguments to you have suggested to you that the defendant is under obligation to call witnesses in his behalf. He is not.

"There is no obligation on the part of the defendant to call witnesses or do anything in his own case at all and it is improper to argue in final arguments that there is some kind of duty or obligation to do so."

On appeal, the defendant argues that the remarks made by the state were an improper reference to the defendant's failure to testify. It is questionable as to whether or not the state's remarks were in fact a comment on the defendant's failure to testify. Furthermore, the record shows that defendant, himself, had first injected into the trial comments about his power to subpoena witnesses. However, any error which may have been committed was cured by the trial court's prompt admonishment to the jury. *Clark v. State*, (1978) Ind., 380 N.E.2d 550; *Rowley v. State*, (1972) 259 Ind. 209, 285 N.E.2d 646.

## VI.

■■■■ At one point during the trial, the defendant asked to have certain portions of a 1974 police report from Hammond, Indiana, stipulated into evidence. This report concerned a tatoo located on defendant's lower right arm and the fact that defendant was lefthanded. Defendant's theory was that this evidence would refute the victim's identification of the defendant. The state agreed to this stipulation provided the date of the report was also read.

Defendant agreed to this and the stipulated portions of the police report were read into evidence.

Now, defendant contends that since he, himself, did not testify and so could not comment on the report, the inference which it left with the jury that he had a prior history of trouble with the police was prejudicial and denied him a fair trial. There is no merit to this contention since defendant agreed to the stipulation of the date at the time the report was read into evidence. This Court has stated:

> "Once a stipulation is entered into between the parties, the facts so stipulated are conclusive upon both the parties and the tribunal." *Coonan v. State,* (1978) Ind., 382 N.E.2d 157, 162.

There was no error here.

### VII.

 Defendant finally argues that the trial court did not make a formal entry of "judgment" on the verdict prior to sentencing. He contends that our statute requires that the court shall enter a "judgment" of conviction if a new trial is not granted. West's Ann.Ind.Code § 35–4.1–4–1 (1978). However, the law is well settled in Indiana that the terms "judgment" and "sentence" are synonymous within the context of criminal law. *Carter v. State,* (1977) 266 Ind. 140, 361 N.E.2d 145; *McMinoway v. State,* (1973) 260 Ind. 241, 294 N.E.2d 803. Since the defendant was properly sentenced in this case, the requirements of the statute are satisfied.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.