**A. W. BAKER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 182S29.

Supreme Court of Indiana.

Oct. 1, 1982.

Preston T. Breunig, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Murder. He was tried before a jury and found guilty. He was sentenced to a forty (40) year term of imprisonment.

Appellant had been dating one Josephine Foster. The decedent, Carlton James, had

also been dating Foster. Four days before the instant offense was committed appellant, the decedent and Foster were all involved in an altercation over the status of these relationships, resulting in appellant beating Foster in the presence of the decedent and one Maurice Moody. On November 4, 1980, the decedent and one Sylvester Bonds were working on a car parked in the street in front of the apartment building where they lived. Without warning appellant drove up and rammed the car the pair was working on. Appellant then grabbed a handgun from the seat and shot the decedent once in the side of the head, killing him. Appellant got out of the car. At that point Bonds fled. He testified that when he looked back he saw appellant aiming the gun at him but that he did not fire at him. Other witnesses testified they heard the shot and saw appellant bent over the body of the decedent apparently reaching for something. None of the other witnesses saw appellant fire the fatal shot, but their testimony substantially corroborated Bonds' version of the event.

Appellant first claims the trial court erred in sustaining the State's relevancy objection to his questions on cross-examination of witnesses Sylvester Bonds and Maurice Moody regarding their employment histories. Defense counsel had established they were currently unemployed. With regard to Maurice Moody, the objection of the State was made and sustained when defense counsel asked, "How do you support yourself sir?" With respect to Sylvester Bonds, the objection was made and sustained when defense counsel asked, "When were you last employed?"

■ The scope and extent of cross-examination are matters left largely within the discretion of the trial judge and limitation thereof is reversible error only where that discretion is abused. *Baldwin v. State*, (1980) Ind., 411 N.E.2d 605; *Schalkle v. State*, (1979) Ind., 396 N.E.2d 384. Though the scope of cross-examination for the purpose of testing the credibility of a witness is broad, we do not feel it is so broad that we can say the judge abused his discretion here

by sustaining the State's objections to the questions asked. The current employment status of these witnesses had been established. Further cross-examination of these witnesses in this subject area would have been extremely unlikely to have produced additional information that would have reflected on their credibility. There was no error in sustaining the State's objection to the questions.

■ Appellant claims the trial court erred in limiting his cross-examination of the decedent's mother. She had testified on direct examination she had kept in constant contact with her son. On cross-examination appellant attempted to establish the decedent had been incarcerated for a long period of time, thus impinging the witness' credibility by rebutting her assertion her contact with him had been constant. The trial court sustained the State's relevancy objection to the question, "What was he [incarcerated] for?"

We find no error with regard to this issue. We have already stated the general rule with regard to the trial court's authority to control the scope and extent of cross-examination. *Baldwin, supra; Schalkle, supra*. Appellant's question went outside the scope of direct examination and had nothing to do with her assertion she had been in "constant" contact with her son. The fact of his incarceration was relevant to her credibility, but the reason for that incarceration did nothing to modify, rebut, or contradict her prior testimony. She had already testified he was once incarcerated at the Pendleton Reformatory and that she visited him there every two weeks. Certainly the trial judge did not err in stopping the questioning when he did.

■ Appellant claims the evidence is insufficient to support the verdict of the jury. We do not reweigh the evidence nor judge the credibility of witnesses. *Williams v. State*, (1980) Ind., 406 N.E.2d 241.

■ Appellant points out witness Sylvester Bonds testified he heard two shots fired during the incident. He also points out Maurice Moody testified when he heard the

first shot fired he grabbed a rifle and went to the window overlooking the site of the shooting. Moody testified upon seeing the decedent lying on the ground and realizing appellant had shot him, he attempted to shoot at appellant. He testified the rifle did not fire because it was not loaded. Appellant offered this testimony to set forth his theory, which was that the decedent was accidentally shot by Maurice Moody with the rifle. We could reach the conclusion appellant wishes us to reach only by re-weighing the evidence, which we do not do on appellate review. *Williams, supra.* Appellant ignores the fact witness Bonds testified unequivocally he saw appellant draw a handgun from the seat of his car and that "[h]e shot Carl." This testimony alone is substantial evidence of probative value sufficient to support the verdict of the jury. We find the evidence sufficient to sustain the conviction for murder.

Appellant claims the trial court erred in refusing to give his Tendered Instructions Nos. 1, 2, 3, and 5. These tendered instructions covered, respectively, the use of circumstantial evidence, elements of voluntary manslaughter, manner of weighing the evidence, the State's burden of proof and reasonable doubt.

We find the subject matter of the instructions appellant asserts should have been given is adequately covered by the court's Final Instruction No. 8 (use of circumstantial evidence), Final Instruction 9A (elements of voluntary manslaughter), Preliminary Instruction No. 5 (manner of weighing evidence), Preliminary Instruction No. 3 (State's burden of proof), and Preliminary Instruction No. 4 (reasonable doubt). It is not error for the trial court to refuse an instruction when the subject matter of the instruction is adequately covered by other instructions already given. *Cherry v. State,* (1981) Ind., 414 N.E.2d 301. There was no error in refusing appellant's Tendered Instructions Nos. 1, 2, 3, and 5.

Appellant claims the trial court erred in permitting State's witness Charles Caine, an Indianapolis police officer assigned to the crime laboratory, to testify

regarding the bullet removed from the decedent's head. It was adduced the ballistics report on the bullet was prepared by another officer who was unable to be present at trial. Appellant objected to any testimony being given by witness Caine in reference to the report prepared on the grounds such testimony was hearsay. The trial court allowed Caine to examine both the report and the bullet itself before testifying.

First, we note appellant has waived this issue on appeal due to failure to cite any supporting authority for his argument. *See,* Ind.R.App.P. 8.3(A)(7). In his brief he cites no case law or statutes or authority of any kind to substantiate his proposition the witness offered inadmissible hearsay testimony or that his right of confrontation was denied. He also fails to assert this is a question of first impression such that no authority for his proposition can be found.

Moreover, the record reveals following appellant's objection and its overruling the following exchange occurred:

"[Prosecutor]—I am now handing you what has been admitted into evidence as State's Exhibit 11–a [the bullet]. Would you open that box please and examine the contents?

"[Caine]—I have examined it.

"Q. Based on the measurements and notations which are part of the business record of the crime laboratory branch, laboratory examination report made by Mr. Koss, *and your personal examination of that exhibit,* can you tell me what it is?

"A. *After making my examination with a low power eye piece,* I found the object removed from State's Exhibit 11–a that was presented to me to be a fired .38 caliber bullet, lead, plain lead, having five lands and grooves with a right-hand angle twist. It also has been marked Z–485 and it also has Officer Koss's mark, P.K. scratched in the base of the bullet." (Emphasis added.)

The foregoing recitation shows witness Caine's testimony was based on facts within his personal knowledge, resulting from his own examination of the bullet.

Testimony from a witness regarding his own personal knowledge is not hearsay. *Roberts v. State,* (1978) 268 Ind. 348, 375 N.E.2d 215. Thus, there was no violation of the hearsay rule in allowing witness Caine to testify as to the description of the bullet. It should be noted that the bullet had previously been identified by a pathologist as the bullet he had removed from decedent's head.

The trial court is in all things affirmed.

All Justices concur.