**Michael HOELSCHER, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 683S205.**

Supreme Court of Indiana.

July 17, 1984.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Michael Hoelscher, is before this Court appealing from the denial of his petition for post-conviction relief under Post-Conviction Relief, Rule 1. He pled guilty to criminal deviate conduct upon a plea agreement under which he was sentenced to a term of·imprisonment of twelve years and the state dismissed a charge of rape which was part of the instant offense. On March 1, 1982, almost three years after entering his guilty plea, defendant filed a petition for post-conviction relief which was subsequently denied. This appeal followed raising several issues involving the voluntariness of the guilty plea, one of which compels us to reverse the trial court's judgment and order the guilty plea vacated.

■ The record shows that petitioner was advised of all the rights he was waiving by entering his guilty plea and was advised of the maximum and minimum sentence he could receive. However, he was not advised "of any possible increased sentence by reason of the fact of a prior conviction or convictions" as the statute required. Ind.Code § 35–4.1–1–3(d) (Burns 1979 Repl.). In several recent cases, we have dealt with this issue and we have consistently held that failure to strictly comply with the terms of this statute is a failure to meet an absolute prerequisite to the acceptance of a guilty plea. *Avery v. State,* (1984) Ind., 463 N.E.2d 1088 (Cause

No. 1182 S 428; handed down June 4, 1984); *Johnson v. State*, (1983) Ind., 453 N.E.2d 975; *German v. State*, (1981) Ind., 428 N.E.2d 234. Although the exact language of the statute need not be used, *Garringer v. State*, (1983) Ind., 455 N.E.2d 335; *McCann v. State*, (1983) Ind., 446 N.E.2d 1293, the record must affirmatively show that the mandate of the statute was carried out.

■ In this case, petitioner did not have a lengthy record of prior criminal convictions, but the presentence report considered by the trial court does show that petitioner had three previous misdemeanor convictions in Florida. Our statute allows the trial judge to consider a defendant's prior "history of criminal activity" as an aggravating circumstance. Ind.Code § 35–38–1–7(b)(2) (Burns 1984 Supp.). This language does not limit the court's consideration to prior felony convictions but allows courts to consider misdemeanors and other prior criminal activity which has not been reduced to a conviction but which does indicate a prior criminal history. *Randall v. State*, (1983) Ind., 455 N.E.2d 916; *Griffin v. State*, (1980) 273 Ind. 184, 402 N.E.2d 981; *McNew v. State*, (1979) 271 Ind. 214, 391 N.E.2d 607. Therefore, petitioner's prior misdemeanor convictions were proper factors for the court to consider as aggravating circumstances.

■ The record shows that the trial court carefully informed petitioner of the specific constitutional rights that he waived by pleading guilty. The court clearly informed petitioner of the possible maximum and minimum sentences he could receive in the following manner:

> COURT: "Do you understand that the maximum possible sentence for Criminal Deviate Conduct where force is used is 20 years and that the minimum possible sentence is 6 years, to which could be added a fine of $10,000.00, and that the Court could impose a maximum sentence?"

However, there is nothing in the record that would disclose that petitioner was aware that his prior convictions could result in an increased sentence.

The evidence here is without conflict and leads to but one conclusion, that the trial court did not fully comply with the mandatory requirements of the statute. Therefore, this cause is remanded to the trial court with instructions to vacate the guilty plea and to reinstate the plea of not guilty.

DeBRULER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent.