**Michael BAYES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1282S478.

Supreme Court of Indiana.

Aug. 9, 1984.

Thomas A. Brown, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Arson, a class B felony, Ind.Code § 35–43–1–1 (Burns Supp. 1983) and Criminal Mischief, a class D felony, Ind.Code § 35–43–1–2 (Burns 1979). He was sentenced to twenty (20) years imprisonment upon the Arson charge, and the judgment upon the Criminal Mischief charge was vacated as a conviction upon a lesser offense included in the offense of arson. Upon direct appeal, Defendant presents three (3) issues for our review:

(1) Whether the evidence is sufficient to sustain the convictions;

(2) Whether the prosecutor's reference to Defendant as a "convicted felon" in his final argument constituted reversible error;

(3) Whether the imposition of an aggravated sentence is supported by an appropriate statement of reasons.

\*　　\*　　\*

## ISSUE I

We note at the outset our standard of review upon a claim of insufficient evidence:

> "Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted).

*Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence most favorable to the State disclosed that David Gehrett ejected the Defendant from the game room of the Main Cigar Store or Bowman's, a building which also housed a restaurant and two upstairs apartments. About one month later, on February 16, 1982, Defendant sought to be allowed reentry to the premises, but his request was refused. An argument ensued in which Defendant threatened Gehrett with physical harm and said that he would burn the place down if he couldn't come in. At approximately 8:00 p.m. on February 17, 1982, David Watson, Defendant's landlord, observed Defendant siphoning gasoline from his automobile into a gallon milk jug. When Watson asked him what he was doing, Defendant responded that he was going to burn "Bowman's" to get even with Gehrett for throwing him out. Subsequently, at 10:08 p.m., a fire was reported at the Main Cigar Store or Bowman's. A patron of the cigar store testified that he had seen the Defendant at approximately 9:54 p.m. standing about one-half block from the Main Cigar Store. At approximately 10:30 p.m. the Defendant asked his landlords, Watson and Abbie Coyle, to come outside and see the smoke rising against the courthouse clock. They accompanied him outside where he informed them that he had set a fire at Bowman's. On February 18, 1982, Defendant told Jerry Hults, an undercover State Police Detective, whom he did not know to be a policeman, that, to get even with Gehrett, he had set the fire by using gasoline, which he took to the building in a milk jug, and a fusee, which he had taken from his workplace. Fire investigators determined that the fire was set by pouring flammable liquid such as gasoline or kerosene onto the floor of the second floor apartment and lighting it. Damage was estimated to be in excess of $23,000.

 Defendant argues that, in light of his alibi and the State's failure to place him at the scene of the crime and in possession of material sufficient to start a fire, the evidence was insufficient to sustain his conviction. Jerry Hults, the undercover police officer, testified that he had picked up the Defendant at approximately 8:40 p.m. on February 17, 1982 and that Defendant was

continually with him until 9:49 p.m. when he left him at an arcade a short distance from the Main Cigar Store. At that time, Defendant had had no gasoline in his possession. Hults heard the fire alarm shortly after leaving Defendant at the arcade. Inasmuch as the State set the time the fire was set as between 9:30 and 10:08 p.m., Defendant argues that it was impossible for him to have set the fire. It was, however, for the jury to decide whether the presence of the alibi raised a reasonable doubt as to Defendant's guilt. *Cottingham v. State,* (1973) 261 Ind. 346, 347, 303 N.E.2d 268. The jury is not required to believe an alibi if the State's evidence is such as to render the disbelief reasonable. *Jones v. State,* (1978) 267 Ind. 680, 684, 372 N.E.2d 1182, 1184. Nonetheless, in the case at bar, the jury could have reasonably believed Defendant's alibi and, at the same time, have found him to be guilty. The Defendant was seen in possession of gasoline at 8:00 p.m. From 8:40 to 9:49 p.m., he was with an undercover police officer. At 9:54 p.m. he was seen one-half block from the scene of the fire, and at 10:08 p.m. the fire was reported. Under these circumstances, it is reasonable to infer that the Defendant had secreted the flammable materials in or near the Main Cigar Store between 8:00 and 8:40 p.m. and that he had set the fire between 9:49 and 10:08 p.m. Moreover, he admitted having set the fire to David Watson and Abbie Coyle, his landlords, and to Officer Hults. The evidence was clearly sufficient to support the conviction.

## ISSUE II

During his closing argument the Prosecutor stated that Defendant was a "convicted felon." Defendant argues that the trial court committed reversible error when it overruled his objection to the reference. However, the record discloses that no motion for a mistrial, admonition or other objection to the remark was made, and, consequently, Defendant has failed to preserve error upon this issue. Moreover, Defendant himself testified, during cross-examination, that he had been convicted in Ohio of receiving stolen property, a fourth degree felony.

## ISSUE III

When a trial court enhances the basic sentence for a crime, it is required to provide a statement of its reasons for so doing. Ind.Code § 35-4.1-4-3 (Ind.Code § 35-50-1A-3, Burns 1979); *Lenn v. State,* (1982) Ind., 437 N.E.2d 56, 58; *Page v. State,* (1981) Ind., 424 N.E.2d 1021, 1023. We agree with Defendant that the trial court's statement of reasons for enhancing the presumptive sentence of ten (10) years for a class B felony to twenty (20) years imprisonment was inadequate. Consequently, on May 15, 1984, this Court remanded this cause to the trial court and ordered it to supplement its statement of reasons for having enhanced the basic sentence or, alternatively, to modify the sentence. *Powell v. State,* (1982) Ind., 440 N.E.2d 1114, 1120; *Alleyn v. State,* (1981) Ind., 427 N.E.2d 1095, 1099. On June 14, 1984, the trial court complied with that order and provided a detailed account of its reasons for imposing the enhanced sentence. Those findings and statements are made *nunc pro tunc,* effective the date of the sentencing hearing.

The trial court found as aggravating circumstances that Defendant had "an extensive and prolonged juvenile record of delinquent acts followed by criminal activity as an adult which ... continued up until the date of sentencing"; that the crime was motivated purely by revenge and was "premeditated and planned and attempted twice before accomplished"; that the act of arson posed a great threat to human life and property; that Defendant had previously been placed on probation on at least five occasions, had been incarcerated on at least three occasions, and had been fined on at least four occasions; that he attempted to flee police as they tried to serve the warrant for the offense herein; that he escaped while in the custody of the Wells County Sheriff pending disposition of this cause; that he had violated probation by committing the instant offense; that he is

in need of correctional or rehabilitative treatment in that prior short periods of confinement, probation, and fines which had been previously utilized had not deterred him from his "persistent and habitual pattern of criminal behavior"; and that a reduced sentence would depreciate the seriousness of the crime. Moreover, the court found no mitigating circumstances in this case and confirmed the twenty (20) year term of imprisonment.

These findings are sufficient to comply with the mandate in *Page v. State*, 424 N.E.2d at 1023. Moreover, in light of the circumstances, we do not find the sentence to be manifestly unreasonable. Ind.R.App. Rev.Sen. 2(1).

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.