**John Lee SHIPPEN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 983S333.

Supreme Court of Indiana.

May 23, 1985.

Frederick T. Work, Gary, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

PRENTICE, Justice.

Following a jury trial, Defendant (Appellant) was found guilty of rape, a class B felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.), and criminal deviate conduct, also a class B felony, Ind.Code § 35–42–4–2(a) (Burns 1979 Repl.). He was sentenced to enhanced terms of 14 years for each conviction, to be served consecutively. This direct appeal raises two issues:

1. Whether the evidence presented at trial was sufficient to sustain the convictions;

2. Whether the trial court properly levied enhanced and consecutive sentences against Defendant.

The charges against Defendant arose from events following the departure of the Prosecutrix from a bar in Gary during the early morning hours of April 2, 1981. Defendant was employed as a doorman at the bar and contended that the liberties taken by him of her person were with her consent.

## ISSUE I

▆▆▆ Defendant contends that the evidence presented at trial was not sufficient to sustain the verdicts. As in many similar cases, it is argued that the conviction is based entirely on the victim's testimony, and this testimony is so inherently contradictory and improbable that it does not sustain the verdicts. We initially note our standard of review upon a claim of insufficient evidence:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed.

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The victim testified that Defendant followed her from the bar to her automobile, and entered on the passenger's side without her permission. Once in the automobile he sat silently for a few minutes but then grabbed her by the throat, struck her head against a window, ordered her to take off her clothes and said that he had killed before and would not hesitate to do it again. She testified that Defendant then took control of the automobile, drove them to an abandoned parking area, and then to an apartment parking lot where he repeatedly forced her to commit vaginal and anal intercourse. Defendant, however, testified that the victim allowed him to accompany her and consented to his sexual conduct.

Defendant's conviction rested upon the credibility of the victim. The uncorroborated testimony of the victim, however, may support a conviction for rape or criminal deviate conduct. *See, e.g., Smith v. State* (1985), Ind., 474 N.E.2d 71, 73; *Ives v. State* (1981), 275 Ind. 535, 418 N.E.2d 220, 223. The weight of the evidence, the credibility of the witnesses, and the ultimate guilt or innocence of the accused are to be determined by the trier of fact. *See, Ross v. State* (1982), Ind., 429 N.E.2d 942, 943; *Haskett v. State* (1979), 271 Ind. 648, 650, 395 N.E.2d 229, 231; *see also Bentley v. State* (1981), 275 Ind. 67, 414 N.E.2d 573, 574. This Court will override the jury's assessment of credibility only where the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *See, Rosell v. State* (1976), 265 Ind. 173, 174, 352 N.E.2d 750, 751; *Davis v. State* (1979), Ind.App., 397 N.E.2d 301, 302.

In arguing that the record conclusively demonstrates that the victim consented to his conduct, Defendant emphasizes her delay in reporting the crime, and argues that her version of the events is inherently incredible. However, except for minor de-

tails, the trial transcript demonstrates the victim's testimony concerning the crime was consistent, lucid, and included each of the elements of the crimes charged against Defendant. She attempted to report the crime within about 18 hours, and eventually gave police officers a statement within days of her admission to a hospital. Moreover, her mother's testimony that the victim had marks and scratches on her throat the evening after the crime tended to corroborate the claim that Prosecutrix had been attacked. The evidence was sufficient to sustain the verdicts.

### ISSUE II

■ Defendant next contends that the trial court did not follow correct procedures in sentencing him to enhanced, consecutive terms. We find no reversible error.

Within the parameters of applicable sentencing statutes, the trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors involving the particular defendant or crime, and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. *See* Ind.Code §§ 35–50–1–2 (Burns 1979 Repl.), 35–38–1–7 (Burns 1984 Cum.Supp., formerly Ind.Code § 35–4.1–4–7, Burns Code Ed. 35–50–1A–7 [1979 Repl.]). Thus a trial court may, upon consideration of relevant facts and information, enhance the basic penalties, impose consecutive sentences, or both. *Smith,* 474 N.E.2d at 73; *Mott v. State* (1980), 273 Ind. 216, 220, 402 N.E.2d 986, 988. However, if the trial court enhances the penalties or imposes consecutive sentences, the record must demonstrate that "the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence." *Smith,* 474 N.E.2d at 73. *Abercrombie v. State* (1981), 275 Ind. 407, 415, 417 N.E.2d

316, 320, *after remand* (1982) Ind., 441 N.E.2d 442.

Defendant argues that the trial court's sentencing statement in this case did not meet these requirements. In rendering sentence the trial court said:

"Your previous conviction in 1975 of Assault and Battery With Intent To Commit a Felony, to-wit: Rape is in-fact (sic) a matter of aggravation. I believe that in good conscience the Court can and will consider the Assault and Battery conviction in aggravation since it occurred after this case was filed.

MR. CARMOUCHE:

What conviction was that, Your Honor?

THE COURT:

Assault and Battery.

MR. CARMOUCHE:

No.

THE COURT:

I'm sorry, that is a 1973 conviction, I read '83, I'm sorry. The existance (sic) of other cases I believe can be considered only insofar as it bears on the question of whether or not this is an incident that is likely to recurr (sic). It appears from the pre-sentence investigation report that there has been, if not a progression in involvement or a progression in violence in connection with those involvements, certainly a progression in the frequency. I don't believe, I do believe that I can find based on the report and based on the facts and circumstances surrounding this case that the events for which you have been convicted are matters which are likely to recurr (sic).

The Court will enter in Count I, the aggravated term of imprisonment of fourteen (14) years, in Count II, Unlawful Deviate Conduct, I see no difference in the quality of those crimes and impose the same sentence based on the aggravating circumstances, the

Court imposes fourteen (14) years in each count. Those sentences will be ordered to be served consecutively."

This statement certainly is no model of clarity. However, Defendant does not dispute that he had been convicted of assault and battery with intent to commit rape in 1975, and convicted of assault and battery in 1973. (*See*, R. 361 [1975 conviction], R. 357, 373 [1973 conviction]).

Under then-applicable Ind.Code § 35–4.1–4–7(a) (Burns Code Ed. 35–50–1A–7(a) [1979 Repl.]), the trial court, in determining a sentence, was required to consider the risk that the defendant would commit another crime, the nature and circumstances of the crime committed, and the defendant's prior criminal record, character and condition. Under Section 35–4.1–4–7(c)(2) (Burns 35–50–1A–7(c)(2)), the court was permitted to consider, as an aggravating factor justifying enhanced and/or consecutive terms, that the defendant had a prior history of criminal activity. Moreover, Section 35–4.-1–4–7(d) (Burns 35–50–1A–7(d)) specifically allowed the trial court to consider relevant factors in addition to those specified by the statute.

While the trial court's statement in this case left considerable to be desired under *Abercrombie* and other cases, it nevertheless demonstrates that the court had concluded, based on Defendant's prior history of violent acts against other persons, culminating with the brutal assault on the victim in this case, that Defendant has demonstrated a propensity for violent conduct creating a high risk that he would commit another such crime. The record in this case supports these conclusions.

The conviction and sentence are affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.