**Mitchel K. GUENTHER, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 4–685A176.**

Court of Appeals of Indiana,
Fourth District.

July 30, 1986.

Rehearing Denied Sept. 25, 1986.

---

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Mitchel K. Guenther (Guenther) appeals his jury conviction for child molesting, a Class C felony. IND.CODE 35–42–4–3. Guenther presents five issues, which we have restated for our review:

1) whether the trial court erred by permitting the victim's testimony as to other sexual acts by Guenther against her;

2) whether the trial court erred by allowing opinion testimony as to the truthfulness of the victim's testimony;

3) whether the evidence is sufficient to support Guenther's conviction;

4) whether cross-examination of the victim's younger sister was outside the scope of direct examination; and

5) whether the sentence of eight years was unreasonable.

The facts most favorable to the verdict are as follows. On the Saturday evening before Christmas 1982, T.S., the 15–year-old female victim, was babysitting with her younger brother and sister while her mother and Guenther, T.S.'s stepfather, were visiting a friend. When they returned home, Guenther was intoxicated. The mother went upstairs and went to bed but Guenther invited T.S. to the kitchen to drink a beer with him. As they were drinking together, Guenther fondled T.S.'s breasts and genitals. He then asked T.S. to help him get some wood for the stove. After they entered the back room where the wood was stored, Guenther laid T.S. on the floor and had sexual intercourse with her. T.S. reported the incident later, resulting in the instant conviction.

Guenther first contends the trial court erred by allowing T.S.'s testimony as to prior acts of fondling by Guenther. At trial Guenther objected to such testimony solely on the basis it was irrelevant. His entire objection to this evidence was:

Your Honor, at this time I'm going to object to the irrelevancy of the information that's being solicited by the Prosecutor. It's not relevant because it does not apply to this particular incident.

■ In a prosecution for child molesting, evidence of prior unrelated acts of child molesting is unquestionably admissible in the State's case-in-chief under the depraved sexual instinct rule. *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513; *see also Jarrett v. State* (1984), Ind., 465 N.E.2d 1097; *Lawrence v. State* (1984), Ind., 464 N.E.2d 923. The trial court was correct in overruling Guenther's objection. All other arguments on appeal as to this testimony were waived by Guenther's failure to object at trial. *Bayes v. State* (1984), Ind., 466 N.E.2d 447, 449.

Guenther next contends the trial court erred when it permitted testimony by T.S.'s older sister as to whether T.S. is a truthful individual. He acknowledges our supreme court's holding in *Lawrence, supra,* which allows the accrediting of the testimony of young children in molestation cases, but argues that *Lawrence* does not apply in this case because T.S. was 17 years old at the time of trial and 15 at the time of the alleged molestation.

■ Guenther's contention is well-taken. The *Lawrence* case involved a nine–year-old child and the court based its holding on the widely accepted notion that young children have lively imaginations and are easily susceptible to suggestions of parents and other adults. Older children can presumably differentiate fact from fantasy and are not so easily influenced by adults. As a result, their credibility should be left to the jury's determination. Nevertheless, we may not address this argument since Guenther's sole objection at trial was the lack of foundation for knowledge by the testifying witness. No objection was made as to the substance of the testimony. His objection consisted of the following:

DEFENDANT: Your Honor, I object. I don't believe a proper foundation has

been laid for that question. I don't believe she's qualified to answer it anyway.

STATE: I'm not quite sure what he's objecting to, Your Honor. If he'd like to be a little more specific, maybe I can respond to him.

DEFENDANT: I object to your questions, because I don't believe a proper foundation has been laid for her to testify to the truth and veracity of her sister when she testified that she left the home in 1978. And we're talking about an incident that occurred, at best, four years later and now we're talking about testimony some six years later, so certainly there is no foundation for her testimony.

STATE: She's testified that she lived in the same home with her for that time. Your Honor. A two-year period of time, at least, or longer than that actually.

DEFENDANT: Your Honor, I'm sure that people change in six years because we're talking so far away.

STATE: We're talking about the weight of the evidence then, Your Honor, not the foundation for it.

COURT: I think, perhaps we are talking about the weight of the evidence as opposed to admissibility, so the objection is going to be overruled.

It is axiomatic an appellant may not state one reason for objecting at trial and then rely upon a different objection upon appeal. *Golden v. State* (1985), Ind., 485 N.E.2d 51, 57; *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 909; *Hernandez v. State* (1982), Ind., 439 N.E.2d 625, 629; *Bates v. State* (1985), Ind.App., 486 N.E.2d 574, 576. Guenther failed to object on the basis he now raises an appeal, thereby waiving any error in that regard.

■ Guenther next claims the evidence was insufficient to support his conviction. When we review a conviction for sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, *cert. denied* — U.S. —, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986); *Baker v. State* (1985), Ind.App., 483 N.E.2d 772, 776; *Knisley, supra* at 517. Furthermore, the uncorroborated testimony of the victim alone is sufficient to sustain a conviction for child molesting. *Pavey v. State* (1985), Ind.App., 477 N.E.2d 957, 962.

■ T.S. testified Guenther fondled her breasts and genitals and had sexual intercourse with her when she was under the age of 16. This evidence is sufficient to sustain the conviction.

Guenther also claims it was improper to allow the State to ask T.S.'s younger sister, J.C., on cross-examination as to whether she herself had been sexually abused by Guenther despite the fact there was no direct testimony on that subject.

J.C.'s direct testimony supported Guenther's version of the events that transpired the night of the alleged molestation. According to her testimony and that of her mother, Guenther was so intoxicated that evening that he could barely walk. He was able to get upstairs to his bedroom only with the assistance of J.C. and her mother. The State attempted to impeach J.C.'s testimony by asking whether she, too, had been molested by Guenther. When she denied any such activity, the State asked whether she had told Nancy Ditmars, her former boyfriend's mother, that she had been raped by Guenther. J.C. denied making this statement. The State then called Ditmars, who testified that J.C. had told her that Guenther had raped her and for that reason Ditmars had allowed J.C. to move in and live with her family temporarily.

The credibility of a witness is a proper subject of inquiry on cross-examination. *Boles v. State* (1973), 259 Ind. 661, 291 N.E.2d 357. Any fact tending to impair the credibility of a witness by showing his interest, bias, ignorance or motives may be elicited and the extent of such cross-examination is within the sound discretion of the

trial court. *Schalkle v. State* (1979), 272 Ind. 134, 396 N.E.2d 384.

■ The State did not attempt to impeach J.C. by innuendo, but merely inquired whether she had been sexually assaulted by Guenther. This question was relevant since her sisters had testified that Guenther had molested them. Moreover, the State gave J.C. the opportunity to explain why she had told Ditmars that Guenther had raped her. J.C. flatly denied ever making such a statement to Ditmars. In these circumstances, the trial court did not abuse its discretion by allowing the state to cross-examine J.C. on this subject.

■ Finally, Guenther avers imposition of the maximum eight year sentence by the trial judge is manifestly unreasonable. He argues that the trial court considered improper factors in enhancing his sentence beyond the presumptive five years. The trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors. *Fointno v. State* (1986), Ind., 487 N.E.2d 140; *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. The record must demonstrate, however, that the enhancement was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances, and the relation of the sentence imposed to the objectives to be served by that sentence. *Id.*

Here, the trial court listed the following aggravating factors:

1. The person has a history of criminal actifity [sic] which includes two counts of check deception, disorderly conduct and a driving while intoxicated plus minor traffic offenses.

2. The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility, inasmuch as he has admitted other sexual misconduct, i.e. vaginal examinations on several occasions of another stepdaughter, inasmuch as the Defendant continues to deny the allegations herein and shows absolutely no remorse for his sexual intercourse with the victim herein or his past conduct regarding the vaginal examination of another stepdaughter and inasmuch as the Court feels that this offense is likely to reoccur [sic].

3. Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime, inasmuch as the Defendant has had sexual intercourse with his stepdaughter which the Court finds to be a heinous crime and in this particular case circumstances are clearly aggravated in light of the numerous vaginal examinations performed on another stepdaughter.

■ The court considered certain factors which are not properly deemed aggravating circumstances. First, the court states that appellant continues to deny his guilt and shows no remorse. Of course the appellant shows no remorse, as he has steadfastly maintained his innocence, pled not guilty, and elected to proceed to trial. The fact that a judgment of guilty was rendered against him does not require him to confess to the crime. It is simply improper to use lack of remorse to enhance a sentence when the accused has entered a plea of not guilty.

■ The court also cited as an aggravating circumstance the fact that the offense was a heinous crime since the victim was Guenther's stepdaughter. The heinousness of a crime generally relates to the manner in which it was committed, not the nature of the crime itself. In this case, the crime was not committed in an unusually brutal or violent fashion. While the offense of child molesting, as is the case with many other sex crimes, is considered by most to be a particularly loathsome crime, the legislature has determined that the presumptive sentence for such an offense is five years in prison. A court may not enhance that sentence simply on the basis of its revulsion toward that particular crime.

■ In addition, the fact that the victim was appellant's stepdaughter does

not in itself make the crime a heinous one. That relationship does, however, violate the criminal statute prohibiting incest.[1] The state chose not to charge appellant with that crime, and the court may not enhance his sentence on that basis.

 We also fail to see how his alleged vaginal examinations of other stepdaughters makes this crime heinous. Certainly that fact reflects upon Guenther's character and his need of rehabilitative treatment. We do not believe that fact makes the charged crime more reprehensible, however.

We do not hold that an aggravated sentence of eight years in prison is necessarily inappropriate on the facts of this case. We merely determine that certain factors should not have been considered in aggravation. Due to the fact that the court considered several improper aggravating factors in enhancing Guenther's sentence, and as we are unsure what weight the trial court gave these improper factors in determining the final sentence, we remand to the trial court for resentencing in light of this opinion.

In all other things, the trial court's judgment is affirmed.

MILLER, J., concurs.

CONOVER, J., concurs in part and dissents in part with separate opinion.

CONOVER, Judge, concurring in part, dissenting in part.

While I agree with the majority as to Guenther's first three issues, I respectfully dissent as to its resolution of the enhancement of sentence question.

The trial court is vested with wide discretion to determine whether a presumptive sentence should be enhanced because of aggravating factors. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905; *Fointno v. State* (1986), Ind., 487 N.E.2d 140, 144.

Statutory factors that may be considered as aggravating circumstances serve as guidelines but do not limit the matters the judge may consider when determining what sentence should be imposed. *Thurston v. State* (1985), Ind., 472 N.E.2d 198, 203. The majority holds the trial court considered improper factors in enhancing Guenther's sentence.

I believe the majority erred by so holding. Its position ignores the first aggravating factor listed by the trial court, Guenther's past criminal history, even though it consisted only of misdemeanor and infraction offenses. Our Supreme Court has held a trial court's consideration of a defendant's criminal history is not limited to felonies, but may include misdemeanor and other criminal activity which has not been reduced to a conviction. Therefore, Guenther's past criminal history was a proper factor for the court to consider as an aggravating circumstance. *Hoelscher v. State* (1984), Ind., 465 N.E.2d 715, 717, and cases cited therein.

The majority also holds the fact the victim was Guenther's stepdaughter is not a proper aggravating factor. Without citation to supporting authority, it reasons because of the relationship existing between Guenther and the victim, the incest statute[1] was violated but the State chose not to charge Guenther with that crime. Since the State chose not to so charge Guenther, the trial court is foreclosed from enhancing Guenther's sentence on that basis, it opines. Again, the majority errs in my opinion.

The majority's decision clearly contravenes previous holdings of this district. As Judge Miller stated in *McMichael v. State* (1984), Ind.App., 471 N.E.2d 726, 733.

> There are no limitations on what a court may consider in enhancing a sentence, even if such factor may have also led to a conviction on a greater charge.

---

1. IND.CODE 35–46–1–3 criminalizes incest and provides:
 (a) A person eighteen (18) years of age or older who engages in sexual intercourse or deviate sexual conduct with another person, when he knows that the other person is his parent, stepparent, child, stepchild, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew, commits incest, a Class D felony.

Further, I believe the step parent/child relationship here indeed makes this a more heinous crime than ordinary child molesting. Standing in the role of parent Guenther should be a figure in whom T.S. could put her trust and to whom she could turn for protection. Instead Guenther violated that trust and became the one T.S. needed to be protected from. The majority, again without citing authority, states the heinousness of a crime relates to the manner of its commission rather than to the nature of the crime itself. I know of no such limitation on determining whether a crime is heinous.

Webster's New World Dictionary (2d College Ed.1970) states, "heinous implies such extreme wickednous as to arouse the strongest hatred and revulsion [a *heinous* crime]", at page 1010; Webster's Third New International Dictionary (1976) states, "[h]einous describes that which excites extremest hatred, loathing, and horror [a murder, and a particularly *heinous* murder for it involves the violation of hospitality and of gratitude—R.P. Warren]", at page 1603. As is Webster's example, this is a particularly heinous child molestation for it involves violation of the trust and protection ordinarily associated with the parent/child relationship. That fact also is a proper ground for enhancement of Guenther's sentence.

Finally, the majority states Guenther's vaginal examinations of his stepdaughters reflects upon his character and his need for rehabilitative treatment. This was also one of the trial court's specific grounds for enhancement. Having accepted this premise, the majority is required to affirm the trial court's enhancement of sentence. Our Supreme Court has held only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Rowley v. State* (1979), Ind., 394 N.E.2d 928, 931. At the point even one valid factor is found by the reviewing court, whether the trial judge might have considered other factors which were not valid is irrelevant. The majority clearly errs by holding otherwise.

There were at least three valid grounds stated by the trial court for enhancement of Guenther's sentence. It committed no error.

I would affirm the trial court in all things.