**Richard D. SEELEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 03A01–8606–CR–00163.**

Court of Appeals of Indiana,
First District.

Feb. 24, 1987.

Chris D. Monroe, Jurgemeyer, Voelz & Monroe, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Richard Seeley appeals his conviction of child molesting, a Class C felony, contending that the trial court failed to state sufficient reasons for increasing the presumptive sentence by three years.

We affirm.

The court's sentencing order reads:

The defendant has committed an act which deprives the victim of an opportunity to experience a pristine, understanding and loving relationship. Indeed, the victim has only a shallow, empty and dirty point of reference as to the emotional and physical relationships between men and women. Indeed, the deprivation will have lasting, terrible effects not only upon the victim but upon those intimately around her. Particularly terrible, is the history which proceeds [sic] it. Taking as true the victim's rendition of the history of the relationship between the defendant and the victim, it can be said that but for this prosecution, the defendant would continue with future acts of molestation and sodomy. Unquestionably the defendant has visited great emotional dispair [sic] and hurt upon the victim and the family.

Such acts come from a man who is not unfamiliar with our criminal justice system. Such prior contact, although relatively small compared with criminal histories of others, is indicative of the unlikelihood of rehabilitation in a setting

less structured than within our department of correction. Moreover, the defendant's unequivocal stance of innocence and lack of remorse not withstanding [sic] the credible evidence adduced, is further suggestive of a need for a structured prison setting as opposed to a probationary term.

To the defendant's credit has been his voluntary return for trial from out of state and his work record. Moreover his absence from his family will have an economic effect upon them being that he has been the substantial provider in the past. Yet such mitigating factors do not sway the moment for they are outweighed by the aggravating circumstances.

Therefore, the Court concludes that:

1. The defendant has a criminal history, albeit small.
2. The defendant is in need of correctional treatment that can best be provided by his commitment to a penal facility.
3. The imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.
4. The crime was the result of circumstances likely to recur.
5. The victim of the crime in no manner induced or facilitated the offense.
6. The character and attitudes of the defendant indicate that he is likely to commit another crime.

Because of these facts and conclusions the Court believes imposition of the maximum sentence for a class C felony is appropriate.

Seeley urges that we remand for resentencing because the trial court merely recited statutory factors without applying them to the facts and circumstances surrounding the defendant or the crime, and because the trial court considered improper factors in aggravation of the sentence. We decline to remand for resentencing, because we find the sentencing order as a whole adequately sets out proper aggravating circumstances.

The three paragraphs preceding the six listed factors constitute a specific and individualized statement of why the particular facts of this case support the imposition of the enhanced sentence. *See, Allen v. State* (1982), Ind., 439 N.E.2d 615. The court indicated that the sexual acts for which Seeley was prosecuted were preceded by numerous other incidences involving sexual abuse of this victim, who was Seeley's stepdaughter. Seeley does not dispute this on appeal. This fact alone supports the judge's conclusions that Seeley is in need of correctional treatment, that imposition of a reduced sentence would depreciate the seriousness of the crime, and that the crime was the result of circumstances likely to recur. The court's reference to Seeley's criminal history should be specific, but is supported by Seeley's admission at trial that he had a theft conviction. Since the order indicates the judge did consider specific circumstances of the crime and of the offender, there was no abuse of discretion in imposing the enhanced sentence. *Rust v. State* (1985), Ind., 477 N.E.2d 262.

Seeley cites to *Guenther v. State* (1986), Ind.App., 495 N.E.2d 788 in support of his contention that the court improperly considered certain factors as aggravating circumstances. First, he directs us to the remarks contained in the first paragraph of the sentencing order, arguing that the judge enhanced the sentence because he considered the crime heinous. Seeley further contends that the prolonged history of sexual abuse of the victim by her stepfather does not make the child molesting conviction more reprehensible. *See, id.* at 793.

We are not convinced that the court enhanced Seeley's sentence because the crime was heinous, although the court's revulsion for the offense is evident. Nevertheless, our supreme court has vacated the Fourth District's opinion on Issue V dealing with sentencing. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071. The supreme court held that where the appellant had sexual intercourse with his stepdaughter and had fondled another stepdaughter in the past, the sentencing court was warranted in concluding that the appellant was in need of

correctional treatment at a penal institution, was likely to repeat his conduct, and that a reduced sentence would depreciate the seriousness of the crime. Also, the court found that the trial court's deeming the offense a heinous crime meriting enhancement of the presumptive sentence was a reasonable conclusion. In view of the supreme court's holding in *Guenther*, we find Seeley's arguments without merit.

■ Finally, Seeley claims that the court impermissibly considered his lack of remorse as an aggravating circumstance. Seeley's maintaining his innocence led the court to conclude that Seeley was not remorseful. Lack of remorse is a proper aggravating factor. *Mullens v. State* (1983), Ind., 456 N.E.2d 411; *Brooks v. State* (1986), Ind., 497 N.E.2d 210. The supreme court has not squarely faced this question when the defendant's lack of remorse was evidenced by his maintaining his innocence, although it vacated that portion of the court of appeals' opinion in *Guenther* in which the court held that the trial court may not enhance a defendant's sentence when the accused maintains his innocence, pleads not guilty and elects a trial. *See Guenther*, 495 N.E.2d at 792.

■ Even if the trial court erred in considering Seeley's "unequivocal stance of innocence," it is not necessary to reverse, where there were several other aggravating circumstances found by the trial court and supported by the record. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Rowley v. State* (1979), 271 Ind. 584, 587, 394 N.E.2d 928, 931. Because the sentence is not manifestly unreasonable, we affirm. *Brackens v. State* (1985), Ind., 480 N.E.2d 536, 543.

Judgment affirmed.

RATLIFF, C.J., and SULLIVAN, J., concur.