IN THE MATTER OF JOSEPH P. SULLIVAN.

[No. 373S44. Filed September 25, 1973.]

*Don A. Tabbert,* of Indianapolis, for respondent.

*John B. Ramming,* Executive Secretary, Disciplinary Commission, for Indiana Supreme Court Disciplinary Commission.

## ORIGINAL ACTION

ARTERBURN, C.J.—This proceeding was instituted by a verified Complaint for Disciplinary Action against Joseph P. Sullivan, member of the Bar of this Court, filed March 13, 1973. The Honorable Everett L. West was appointed Hearing Officer and heard the issues involved. On August 7, 1973, he filed his Findings of Fact and Recommendations which are as follows:

### FINDINGS OF FACT AND RECOMMENDATIONS
### OF HEARING OFFICER

The undersigned heretofore appointed by this Court as Hearing Officer and Judge in the above entitled cause under the provisions of Admission and Discipline Rule No. 23 of this Court, respectfully reports to this Court as follows:

The Disciplinary Commission of this Court filed a verified complaint against the Respondent in this Court on March 13, 1973. The undersigned was appointed as Hearing Officer and Judge and filed his oath and assumed jurisdiction on March 30, 1973. The Respondent was duly served with a summons and a copy of the verified complaint. This matter was set for hearing by the undersigned on June 1, 1973.

On June 1, 1973 at 1:30 o'clock, P.M. this cause was submitted to the Hearing Officer for finding and judgment. The Executive Secretary of the Disciplinary Commission, the Respondent in person and by his counsel, Don A. Tabbert, appeared and filed with the Court a Stipulation of Facts and agreed that neither of said parties need offer evidence to prove or disprove any of the facts stipulated herein, which said Stipulation contained the following:

1. Order for Admission to the Bar of Indiana, dated December 4, 1951, admitting Joseph P. Sullivan to the Bar of the State of Indiana.

2. Oath of Admission of Joseph P. Sullivan, sworn and subscribed to by Joseph P. Sullivan on the 4th day of December, 1951.

3. Information filed in Federal Court, No. IP 71-CR-254, and judgment and conviction of Joseph P. Sullivan in Federal Court, No. IP 71-CR-254 for failure to file tax return in violation of Title 26 U.S.C., Section 7203.

4. Copy of verified Complaint filed in this matter.

5. Reporter's official transcript of hearing of September 11, 1972, of *United States of America* v. *Joseph P. Sullivan,* IP 71-CR-254.

6. Statement of Offense by Joseph P. Sullivan.

7. Two letters from Dr. Edward F. Steinmetz.

8. Affidavit of Thomas H. Krise, Attorney at Law.

9. A total of Twenty-five (25) letters on character in Respondent's behalf.

10. Letter to District Director of Internal Revenue Service in regard to payment of income tax liability of Joseph P. Sullivan.

11. Copy of cashier's check dated August 17, 1972, reflecting payment of Internal Revenue Service.

In addition to said Stipulation the Court heard evidence and allowed certain exhibits admitted into evidence. At said hearing the Hearing Officer granted the Executive Secretary of the Disciplinary Commission time to file his Brief, the Respondent time to file his Brief, the Respondent time to file his Brief and Answer and further arranged for additional time for a Reply Brief to be filed. Thereafter on June 9, 1973 the said Executive Secretary of the Disciplinary Commission filed his Brief and on June 22, 1973 the Respondent filed his Answer Brief, by his attorney, and on June 29, 1973 the said Executive Secretary filed his Reply Brief.

Your Hearing Officer now adopts and incorporates the statement of the case, the issues presented and a brief history of the case as set forth in the Commission's Brief.

## Statement of the Case

The Respondent, Joseph P. Sullivan, was admitted to practice in this Court in the State of Indiana on December 4, 1951, and now maintains an office for the practice of law in the City of Indianapolis, Marion County, Indiana. On the 11th day of September, 1972, the Respondent was convicted upon a plea of *nolo contendere* of the offense of failure to file an income tax return in violation of 26 U.S.C. § 7203 by the United States District Court for the Southern District of Indiana, Indianapolis Division. The Disciplinary Commission of the Supreme Court of Indiana now prays that the Respondent, Joseph P. Sullivan, be disciplined as such professional misconduct so warrants.

## The Issues Presented

1. Does Respondent's conduct, as set forth in the Stipulation of Facts submitted to this Court by the Executive Secretary of the Disciplinary Commission and the Respondent on June 1, 1973, constitute violations of the *Oath of Attorneys* for Admission to the Bar of the State of Indiana; Canons 29 and 32 of the *Canons of Professional Ethics* of the American Bar Association; and the Disciplinary Rules, D.R. 1-102 (A) (3), (4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law*, Ind. Ann. Stat. (Special Supp. 1971) ?

2. If such conduct is violative of the above Oath, Canons, and Disciplinary Rules, what discipline is warranted thereby?

## Brief History of the Case

On March 13, 1973, the Disciplinary Commission of the Supreme Court of Indiana, by its Executive Secretary, filed a verified Complaint for Disciplinary Action against Mr.

Joseph P. Sullivan based upon his conviction of the offense of failure to file an income tax return in violation of 26 U.S.C. § 7203 for the calendar year 1966, and for his failure to file a federal tax return for the calendar year 1967. This cause was submitted to the Hearing Officer on Stipulation of Facts on June 1, 1973.

As Hearing Officer I wish to include the following portion of Judge Noland's decision as a finding in this cause:

"The Court does take into consideration some of these factors. As pointed out in this pre-sentence brief, there are apparently no facts that are in the aggravation of this offense, other than what have been made clear to the Court. The defendant has suffered from a cardiac condition, and continues to suffer from it. Although at the present time he is practicing law, he is under constant medication therefor. The Court has been informed that the defendant has filed tax returns for both of the years in question. Also that he has made payment thereof, all taxes, interest and penalties. These are based on the government figures and they have been paid.

Also, that Mr. Sullivan has cooperated with the Internal Revenue Service and he gave a voluntary statement to them. Mr. Sullivan has a military background and a background of public service in his community. This is the only offense that this defendant has been charged with.

The Court would state further, that the following factors are considered, and in view of these matters that are before the Court, the Court is going to impose a one year suspended sentence in connection with Count II, and there will be a fine of $2500.00 imposed and it is payable over one year. Also, the defendant will be on probation for one year.

The Court has taken into consideration that this defendant has suffered considerable punishment; how excruciating, only he can testify to.

The matter that is before the Court is a misdemeanor, contrasted to tax evasion, also, this man has been a good public servant in the office of the Marion County Prosecutor's Office and the Court is aware of it. Further, this Court is impressed by the many recommendations from the judiciary, and other outstanding citizens that have come to the attention of this Court in this matter.

This Court will always give consideration to a person committing a first offense, and further, it will always give

consideration to any defendant who has served in the armed forces of this country and who has honorably so served. This defendant falls in this category."

And further, your Hearing Officer feels it may be helpful to state a portion of Mr. Sullivan's version of what happened, the same being a portion of Exhibit "B", which has been stipulated into evidence.

"As an attorney, licensed to practice in the State of Indiana, I have a duty greater than that of other persons charged with a criminal offense, and I am going to do my best to discharge that duty by not hedging any of the facts.

I did not, in fact, file my federal income tax returns for the two years in question. These are the only two years which I had never filed a federal income tax return. I obviously know that a federal income tax return should be filed each year.

First of all, I actually prepared the two tax returns in question and intended to file both of them. I did not realize how short of funds I was, both in the office and at home. In view of the fact that I did not have sufficient money to obtain the necessary remittance to accompany the tax that I felt was due, I reached the conclusion in April of 1967 that I would not file my 1967 tax return. There was, however, much more to my mental state of mind than just a simple decision whether to file or not to file.

I will not hide the fact that I was required to seek the services of a psychiatrist of this city. Beginning in 1965, I had extensive problems at home with my wife. In addition, I began to experience severe physical difficulties, including a cardiac condition. Also, I sustained some losses in the courtroom which were particularly disagreeable to me and finally, I just was unable to attend to the business of my office in permitting a large number of clients' unpaid bills to mount up so that I actually had to borrow money to pay some of the office expenses. All of these things combined to create a very unstable and emotional condition for me and much more so than I realized at the time. I do not know the full extent of my instability existing in the years 1966 through 1968, but I do know that I was under intense personal pressure and was hopelessly confused throughout this period of time. I realize now that had I been reasonably stable in my thinking, I would have realized that all of the difficulty that I have now experienced could have been avoided by simply filing my tax returns without *any* remit-

tance. I want the Court to know, however, that that thought did not enter my mind during the time that is involved."

As indicated by Judge Noland's decision and the statement of the Respondent, there is no evidence in this proceeding of any misconduct on the part of the Respondent aside from failing to file tax returns and all of the information submitted indicates that the Respondent is considered to be of good character and reliable.

This case is identical to the case, In The Matter of Carl O. Rodin, Cause No. 372 S 29, 1972, in which Judge Rakestraw was the Hearing Officer and his findings and recommendations were adopted by the Supreme Court with the exception that the Respondent, Rodin, had failed to file income tax returns for six (6) different years and the Respondent in this cause, Joseph P. Sullivan, had only failed to file his tax returns for two (2) years.

The undersigned would like to adopt the following statement from Judge Rakestraw's opinion:

"The undersigned cannot agree that failing to file income tax returns is not a matter for disciplinary action against lawyers. It is a violation of Canons 29 and 32 of the *Canons of Professional Ethics* of the American Bar Association and of Disciplinary Rules, D.R. 102 (A) (3), (4), (5), and (6) of the Code of the Professional Responsibility. One of the lawyers' most important duties is to obey the law, and one who willfully disobeys the law should not be permitted to earn his living from practicing law. Failing to file tax returns is a matter involving some moral turpitude, since it is a violation of the duty of all citizens to comply with the law."

The undersigned finds that, in view of the above quoted language that even though there are undoubtedly mitigating circumstances in favor of the Respondent in this cause and even though the Respondent has paid all of the tax due, that he has paid his fine as required by his probation and that there is no evidence that any client or clients or members of the public have been harmed by his conduct, nevertheless, as

a matter of the enforcement of the current Admission and Discipline Rule No. 23, as adopted by this Court, it is respectfully recommended that the Respondent be suspended from the practice of law in the State of Indiana for a period of thirty (30) days. And, it is further recommended that a provision be made whereby his application for re-admission may be filed and become effective at the expiration of the thirty (30) days, on the 31st day automatically, provided such meets the rules of this Court in order that the discipline of this Court may be as lenient as possible.

In view of the mitigating circumstances that have been found in this case and in view of the mitigating circumstances that existed in the Rodin case, it would appear to this Hearing Officer that this Court might see fit to amend the Disciplinary Rule to provide that certain offenders might be fined in a reasonable sum in lieu of suspension or reprimand.

Respectfully Submitted
Everett L. West
Hearing Officer

Respondent filed a Petition for relief in that he asks that at the termination of the suspension period of thirty (30) days he be automatically reinstated, and that the taking effect of the suspension be deferred and become effective on October 1, 1973.

And now the Court being duly advised in the premises accepts the Findings of Fact of the Hearing Officer and the Respondent, Joseph P. Sullivan, is now suspended from the practice of law for a period of thirty (30) days beginning on October 1, 1973. At the termination of said period if he desires to be reinstated he shall file a petition therefor with this Court and a copy with the Disciplinary Commission who shall file any objections thereto within a period of seven (7) days; otherwise, the Petition for Reinstatement will be granted. Costs herein to be taxed against the Respondent.

Dated this 25th day of September, 1973.

Norman F. Arterburn
Chief Justice of Indiana

All Justices concur.

NOTE.—Reported in 301 N. E. 2d 363.