Fredrick Douglas BRESSON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49A04–8603–CR–64.

Court of Appeals of Indiana, Fourth District.

Oct. 8, 1986.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Frederick Douglas Bresson pled guilty to child molesting, a class C felony, was convicted, and the trial court imposed the maximum statutory sentence of eight years. Bresson raises only one issue in his motion to correct errors and appellate brief, claiming the maximum sentence is manifestly unreasonable in light of the nature of the offense and the character of the defendant. Bresson argues the mitigating factors, including his lack of prior criminal record, his job and service in the Armed Forces in Viet Nam, his remorse and voluntary therapy, outweigh the aggravating factors of the victim's young age (23 months), and the recommendations by the victim's parents and the probation officer for maximum sentence. Bresson asks this court to modify his sentence to below the presumptive five years and suspend sentence to probation with condition Bresson receive therapy for his child sexual impulses.

We affirm.

### FACTS

On February 7, 1985, Patrick and Shirley Ross were painting an apartment located across the hall from Bresson's apartment. Bresson came over and talked to the Rosses, and began playing hide and seek with their daughter, Amanda, who was 23 months old at the time. Bresson played with Amanda for approximately 30 to 60 minutes. When the Rosses began cleaning up and carrying out their equipment, Bresson volunteered to babysit for Amanda so that she would not be in their way. The Rosses agreed, and Bresson took Amanda into his apartment, and left the door open.

On the third or fourth trip back to the apartment where she had been working, Shirley Ross noticed that defendant's door was closed. She knocked loudly on the door, which was locked, and received no answer. She went to find her husband and when they returned, Bresson was opening the door. When questioned, Bresson claimed he had locked the door for Amanda's safety, to prevent her from leaving the apartment.

On April 15, 1985, special agents Ronald Wolfick and Larry Intelligence were given permission by Bresson to search his apartment for electronic components which were missing from the Naval Avionics Corporation where Bresson was employed as a contract negotiator. During their search, which did not produce the missing electronics, they discovered child pornographic literature which included twenty-two polaroid photographs. Four of these photographs were identified by Shirley Ross as photos of her daughter, Amanda, who was shown nude from the waist down. Specifically, one photograph showed a white male adult hand, touching Amanda in the vaginal area.

Mrs. Ross stated that February 7, 1985 was the only time that Bresson was alone with her daughter. The top worn by Amanda in the picture was identified as the same top she was wearing on that evening. Furthermore, Bresson was the only person in his apartment with Amanda on that date.

The State filed a two count information charging Bresson with the offenses of child molesting, a class C felony, and child exploitation, a class D felony. On September 20, 1985 Bresson entered a plea of guilty as to Count I of the information, pursuant to a written plea agreement which was submitted to the court. The court advised Bresson as to his rights and took the plea under advisement. The written plea agreement provided that Count II of the information would be dismissed by the State if Bresson pleaded guilty as charged to Count

I and the State agreed to make no recommendation as to sentencing.

On October 10, 1985 the court conducted a sentencing hearing after the filing of a presentence report. The court heard testimony from several witnesses.

Testimony by Bresson, his sister, and his aunt established that although Bresson had a very unstable childhood, he had no previous criminal history as a juvenile or adult. His mother died when he was four years old. His father remarried several times thereafter. His father, a college professor, moved the family many times while Bresson was growing up. There was a great deal of conflict between Bresson and his father. According to Bresson's sister, his father was a "diagnosed paranoid schizophrenic" who had caused trouble for all of his children during their childhood and adolescence. Despite his unhappy childhood, Bresson is a college graduate who served in the United States Army from 1968 through 1970 in Viet Nam. He received an honorable discharge from the Army after obtaining the rank of staff sargeant. While serving in Viet Nam, Bresson received numerous military honors. Bresson had been employed at Naval Avionics in Indianapolis, Indiana for a period of six years and nine months prior to his arrest in this case. Bresson resigned from this job and in the three months prior to his sentencing, had been employed by Dominos Pizza as a driver earning minimum wage, working thirty to forty hours per week.

After his arrest, Bresson sought therapy at the Davis Psychiatric Clinic. Dr. Larry Davis testified that Bresson is a man of above average intelligence and energy whose relationships with adult females had been negative. As a result, he had developed unacceptable child sexual impulses. Dr. Davis stated Bresson was consciously aware of his unacceptable child sexual impulses which may have begun approximately six to seven years ago. Bresson claims he had not acted on these impulses until this offense. Dr. Davis described Bresson as different from the normal child molester in that he had been struggling to control his unacceptable sexual impulses and suffered from a great deal of remorse. Dr. Davis concluded that Bresson is a good candidate for therapy and that he would likely respond if placed in the Davis Psychiatric Clinic Sex Offender Program. Such treatment would not otherwise be available through the Indiana Department of Corrections. Dr. Davis testified that if Bresson enrolled in the program, he could reside at the Riverside Residential Center which would place him in voluntary confinement where he would also receive treatment for his problem.

The probation officer, who prepared the presentence report, testified that a "Pre-Sentence Investigation Screening Instrument" indicated the sentence should be probation with special conditions. However, the probation officer recommended a maximum executed sentence because of the age of the victim, the recommendations of the victim's parents and the investigating detective. She concluded by stating that imposition of a reduced sentence or suspension of sentence would depreciate the seriousness of the crime.

Both of the victim's parents' testified at the sentencing hearing and requested imposition of the maximum sentence because of the damage it has caused to their daughter and to themselves. Patrick and Shirley Ross testified that Amanda has turned into a shy, untrusting little girl. She will not allow her parents to bathe her and is having difficulty with toilet training. She shys away from all men and is terrified of having her picture taken. Both parents described the pain they have experienced. Mrs. Ross stated that she agreed with Dr. Davis that if she and her husband maintain normal upbringing of Amanda, she will not remember this experience. Both parents expressed their fears for their daughter's future and their own ability to trust other adults.

The trial court entered the following sentence:

"PRE SENTENCE REPORT filed as follow: which reads as the following: The State of Indiana appears by Annette

Biesecker Dep. Pros, Deft. Frederick D. Bresson appears person and by counsel Tim Burns, and this matter now comes on as follows: Court has had defendants plea of Guilty to Count I Child Molesting Class C Felony as charged, under advisement and having considered the presentence report now accepts the plea of Guilty. The Court now conducts a sentencing hearing and considers the pre sentence report: the nature and circumstances of the crime committed: the risk that the deft. will commit another crime and the prior criminal record, character, and condition of the person. And the Court, after having heard evidence or after offering both sides an opportunity to adduce evidence now finds: that these are the following *mitigating circumstances: Lack of any prior criminal history. Remorse for this offense. He had good job. Aggravating circumstances the fact the childs age was 2 years old. Court finds that the aggravating circumstances outweight [sic] the mitigating circumstances.* It is therefore ordered, adjudged, and decreed that the defendant Frederick Douglas Bresson, Age 35 years, be sentenced to 8 years for the offense of Count I—Child Molesting Class C Felony as charged. That the Deft. is fined and that the deft. is assessed costs of $61.00 and that the deft. is not indigent and said fine and or costs are to be staisfied [sic] as follows: Deft. to pay costs during incarceration.

And also towit on Thursday, October 10th 1985—

That the Deft. is entitled to 4 days credit for time spent in confinement before sentencing. State files MOTION TO NOLLE COUNT II—only. sustained. Deft. ordered released as to Count II only, Surely Release." (Emphasis added).

*Issue*

Bresson presents the following issue for review:

Whether the sentence of 8 years imposed for conviction of child molesting, a class C felony, is manifestly unreasonable in light of the nature of the offense and the character of the defendant.

### DECISION

■ Bresson argues that a review of the offense and the offender in his case reveals that no reasonable person could find the maximum 8 year sentence appropriate when the evidence clearly established that defendant had no prior history of criminal activity, was a productive citizen in society who had served in the Armed Forces in Viet Nam, and who was likely to respond affirmatively to therapy for his mental problems and be rehabilitated without resort to lengthy imprisonment. Bresson asks that his sentence be modified below the presumptive sentence of 5 years, suspended, and that he be given a period of probation during which he will receive psychiatric therapy for his child sexual impulses.

The State argues it is well within the trial court's discretion whether to impose the presumptive sentence for a crime or whether to increase or decrease the sentence because of aggravating or mitigating circumstances. Further, the State argues the defendant's sentence is supported by the reasons found by the trial court and is not manifestly unreasonable. We agree.

The Indiana Supreme Court recently established the analytical framework for appellate review of sentences, in light of constitutional provisions and Indiana Rules for Appellate Review of Sentences, Rule 2, in *Fointno v. State* (1986), Ind., 487 N.E.2d 140. The court adopted the two-step appellate procedure first pronounced by the Indiana Court of Appeals in *Cunningham v. State* (1984), Ind.App., 469 N.E.2d 1:

"... we perceive a two-step appellate procedure in this area. We will review a sentence on appeal only when at first blush the sentence imposed appears to be 'disproportionate,' that is, 'manifestly unreasonable in light of the nature of the offense and the character of the offender.' If after review we determine 'no reasonable person could find such sen-

tence appropriate to the particular offense and offender,' we will revise the sentence on appeal so as to make such sentence appropriate."
469 N.E.2d at 8.

Thus, this court must first determine whether the 8 year maximum sentence imposed for Bresson's conviction of child molesting is a sentence which no reasonable person could find appropriate in light of the crime involved and the character of Bresson. We do not find the maximum statutory sentence of eight years for a class C child molesting felony manifestly unreasonable under the circumstances presented and affirm Bresson's sentence.

Bresson was convicted of a class C felony under IND.CODE 35–42–4–3 (Burns Code Ed.Repl.1985). Conviction of a class C felony, under I.C. 35–50–2–6 (Burns Code Ed.Repl.1985), calls for a five year term of imprisonment, with a possibility of the addition of three years to the basic term if the court finds aggravating circumstances are present, or, in the alternative, a reduction of three years from the basic term if mitigating circumstances are found. Examples of those factors which may be considered as aggravating or mitigating circumstances are listed in I.C. 35–38–1–7.

Bresson was sentenced to five years and then the sentence was enhanced by the maximum three years allowable under I.C. 35–50–2–6. The court heard evidence on several aggravating and mitigating factors and entered findings regarding the presence of the aggravating circumstance of the victim's young age and the mitigating circumstances of the defendant's lack of prior criminal history, remorse for offense, and having a good job. The court then concluded the aggravating circumstances outweighed the mitigating circumstances.

The trial court is not obligated to credit or attach great weight to the defendant's evidence of mitigating circumstances. *Perry v. State* (1983), Ind., 447 N.E.2d 599. Even if the trial court finds mitigating circumstances, it nevertheless has the discretion to weigh these circumstances against the aggravating circumstances, if any, and thereafter to increase or decrease the sentence within the statutory limitations. *Id.; Shanholt v. State* (1983), Ind.App., 448 N.E.2d 308. Finally, only one valid aggravating factor need be shown in order to permit enhancement of a presumptive sentence. *Rowley v. State* (1979), 271 Ind. 584, 394 N.E.2d 928.

The sole aggravating circumstance listed by the trial court was the victim's age of 2 years old. Age of 65 years or older is one of the aggravating circumstances listed by the legislature in our sentencing statute, but young age is not specifically addressed.[1] However, our statute does not

---

1. IND.CODE 35–38–1–7(b), (c) and (d) provide:

"(b) The court may consider the following factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:
(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.
(2) The person has a history of criminal or delinquent activity.
(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.
(4) Imposition of a reduced sentence or suspension of the sentence and imposition would depreciate the seriousness of the crime.
(5) The victim of the crime was sixty-five (65) years of age or older.
(6) The victim of the crime was mentally or physically infirm.

(7) The person committed a forcible felony while wearing a garment designed to resist the penetration of a bullet.
(c) The court may consider the following factors as mitigating circumstances or as favoring suspending the sentence and imposing probation:
(1) The crime neither caused nor threatened serious harm to persons or property, or the person did not contemplate that it would do so.
(2) The crime was the result of circumstances unlikely to recur.
(3) The victim of the crime induced or facilitated the offense.
(4) There are substantial grounds tending to excuse or justify the crime, though failing to establish a defense.
(5) The person acted under strong provocation.
(6) The person has no history of delinquency or criminal activity, or he has led a law-abid-

provide an exclusive or exhaustive list of potential aggravating circumstances. *See* IND.CODE 35–38–1–7(d). Recent case law provides the controlling precedent. In *Caccavallo v. State* (1982), Ind., 436 N.E.2d 775, the Indiana Supreme Court held maximum enhancement by three years of the presumptive sentence of five years for child molesting was appropriate where seven aggravating circumstances were listed by the trial court. One of the circumstances listed was "the age of the victim" (12 years old). However, the Supreme Court found the evidence in the record and the reasonable inferences the trial court could have drawn from that evidence supported the existence of the young age of the victim as an aggravating circumstance. Chief Justice Givan, in a unanimous decision, stated:

> "In the case at bar, appellant's sentence was enhanced by a maximum three years allowed under I.C. 35–50–2–6. In support of the enhancement the trial court entered lengthy findings regarding the presence of certain aggravating factors, including: (1) a history of criminal activity; (2) a need of correctional or rehabilitative treatment for appellant at a penal facility; (3) that a reduced sentence would depreciate the seriousness of the offense; (4) *the age of the victim;* (5) that the crime might have a serious effect on the victim; (6) that the crime is likely to reoccur; and (7) that the defend-

ing life for a substantial period before commission of the crime.
(7) The person is likely to respond affirmatively to probation or short term imprisonment.
(8) The character and attitudes of the person indicate that he is unlikely to commit another crime.
(9) The person has made or will make restitution to the victim of his crime for the injury, damage, or loss sustained.
(10) Imprisonment of the person will result in undue hardship to himself or his dependents.
(d) The criteria listed in subsections (b) and (c) do not limit the matters that the court may consider in determining the sentence."
(Burns Code Ann.1985 Repl.)

ant showed no remorse for committing the crime.

All of the factors named by the trial court as aggravating circumstances are either authorized by the statute or have been held by this Court or the Court of Appeals to be proper considerations. *See, e.g., Cherry v. State,* (1981) [275] Ind., [14], 414 N.E.2d 301 (consideration of likelihood that defendant will commit another crime is proper); *Coleman v. State,* (1980) Ind.App., 409 N.E.2d 647 (lack of remorse is properly considered as aggravating circumstance); *Hogan v. State,* (1980), [274] Ind., [119], 409 N.E.2d 588 (consideration of age of victim (elderly) and effect of crime upon victim is proper).

We find appellant's contention that there is no supporting evidence to find aggravating circumstances is incorrect. *The evidence in this record and the reasonable inferences the trial court could draw from that evidence support the existence of each named aggravating circumstance."*
(emphasis added).
*Caccavallo, supra,* 436 N.E.2d at 779. We read this case to mean that where the trial court lists aggravating circumstance without a degree of specificity, we are authorized to examine the evidence before the trial court and the reasonable inferences drawn therefrom to support the trial court's specific finding regarding an aggravating circumstance. *See also Pavey v. State* (1985), Ind.App., 477 N.E.2d 957.[2]

2. The young age of the victim has been considered by the legislature in defining the crime of child molesting:
"(a) A person who, *with a child under twelve (12) years of age,* performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a class B felony. However, the offense is a class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury.
(b) A person who, *with a child under twelve (12) years of age,* performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class C felony. However, the offense is a class A

The record reveals Bresson was charged and pled guilty after the pictures were found. The trial court could infer that, because of the victim's young age and her lack of ability to communicate verbally, she was unable to report Bresson and his crime against her to her parents or to anyone else. The evidence also shows the crime had a traumatic effect on the victim, her parents, and their family relationships. The victim's parents now feel extreme justifiable fear they will be unable to raise both the victim and her younger sister in a normal manner. The evidence shows Amanda has become a shy, untrusting child who will not allow her parents to bathe her and is having difficulty with toilet training. Amanda is now shy and uncomfortable with men and is terrified of having her picture taken. The trial court could have reasonably concluded a normal upbringing for Amanda is unlikely and she will remember this experience. The evidence in the record, and the reasonable inferences the trial court could draw from that evidence, support the existence of the victim's young age as an aggravating circumstance.

The trial court here made a specific and individualized statement of the reasons for selecting the sentence imposed; all of the factors considered were proper under our statute and case law; and, the enhanced sentence of 8 years for a class C felony conviction is within the sentencing statute. We do not find the sentence to be manifestly unreasonable in light of the nature of the offense and the character of the offender. We find no error in the sentencing of Bresson.

The trial court is affirmed.

CONOVER, P.J., concurs.

YOUNG, J., dissents with separate opinion.

YOUNG, Judge, dissenting.

I dissent and would reverse or remand for resentencing. A reversal is appropriate because the record lacks a sufficient factual basis to establish Bresson was guilty of child molesting. The trial judge simply had the prosecutor read the probable cause affidavit[1] and then asked Bresson if "that" was true. Upon receiving an affirmative response, the trial judge asked Bresson if he "did this" for the purpose of arousing his sexual desires. Again, Bresson merely gave an affirmative response. The guilty

---

felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon ..."
(Emphasis added).
I.C. 35–42–4–3.
In *Pavey v. State* (1985), Ind.App., 477 N.E.2d 957, the defendant was convicted of child molesting and sentenced to eight years in prison. On appeal, Pavey objected to the use of the victim's young age of 9 years as an aggravating circumstance to enchance the presumptive five year sentence by the maximum three years. Judge Shields, writing for the Second District, upheld age as an aggravating circumstance in the child molesting conviction and reasoned:
"This court assumes the legislature took into consideration the serious nature of every act it defines as criminal, and that in all cases it assigned an appropriate level of punishment. The legislature, however, allowed as an aggravating circumstance the seriousness of any individual offense within the generally serious nature of the offense in the abstract. Thus, within the broad area of conduct defined as molesting a child of fewer than twelve years, individual circumstances may show that a particularly disturbing case warrants an enhanced sentence. *See Washington v. State,* 422 N.E.2d 1218 (Ind.1981). The specific age of the victim within the range of fewer than twelve years is just such an individual circumstance."
*Id.* at 963.
In an analogous case, *Washington v. State* (1981), Ind., 422 N.E.2d 1218, the Indiana Supreme Court found the use of a gun to be an aggravating circumstance in an armed robbery. The Supreme Court upheld the manner in which the gun was used as an aggravating circumstance in the armed robbery conviction and stated:
"[the trial court noted] the use of a gun made this an especially serious crime since the victims "were exposed to looking down the barrel of a gun." The fact that the use of a weapon automatically raised the counts on confinement from class D to class B felonies does not preclude the court from also considering the manner in which the gun was used as an aggravating circumstance."
*Id.* at 1221.

1. The affidavit accused Bresson of putting his hand on the vaginal area of the victim.

plea is based upon Bresson's agreement with factual conclusions rather than affirmative representations as to specific facts. The record therefore fails to establish a factual basis for the offense. *See Blackburn v. State* (1986), Ind.App., 495 N.E.2d 806.

I would also hold that the sentence in this case is manifestly unreasonable given the nature of the offense and the character of the offender. IND.RULES FOR THE APPELLATE REVIEW OF SENTENCES, Rule 2. Bresson pleaded guilty to molesting a twenty-three month old girl. "While the offense of child molesting, as is the case with most sex crimes, is considered by most to be a particularly loathsome crime, the legislature has determined that the presumptive sentence for such an offense is five years in prison. A court may not enhance that sentence simply on the basis of its revulsion toward that particular crime." *Guenther v. State* (1986), Ind. App., 495 N.E.2d 788, 792. A trial court may enhance the sentence to eight years. IND.CODE 35–50–2–6. If it does so, as in this case, however, the record must demonstrate that "the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence." *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905.

When sentencing Bresson, the trial judge did not give any details of the alleged offense; hence the record fails to demonstrate that the enhanced sentence was based upon the facts of the specific crime. Further, the only aggravating circumstance found by the trial court was the victim's age. It is inappropriate to impose the maximum penalty in this case simply because the victim was two years old.

First, the victim's age was used by the General Assembly in determining the presumptive sentences for the crime of child molesting. If the victim is between the ages of twelve and sixteen, the presumptive sentence is two years in prison. IND. CODE 35–43–4–3(d), 35–50–2–7. If the victim is younger than twelve, the presumptive sentence is five years. IND.CODE 35–43–4–3(b), 35–50–2–6.

Secondly, the General Assembly has provided a list of aggravating circumstances for the trial court to consider when sentencing. IND.CODE 35–38–1–7. The only reference this list makes as to age is when the victim is sixty-five or older. Recognizing that the trial court is not limited to this list, two Indiana cases have stated that the victim's age may be considered as an aggravating circumstance to the crime of child molesting. *Caccavallo v. State* (1982), Ind., 436 N.E.2d 775; *Pavey v. State* (1985), Ind.App., 477 N.E.2d 957. These cases, however, are distinguishable from the present one.

In both *Caccavallo* and *Pavey*, the victims were old enough to comprehend the event, remember it, and suffer permanent effects because of their cognitive maturity. In the present case, both a psychiatrist and the victim's mother testified that the child would be unlikely to recall the event. (R. 141, 150) There was no evidence that the crime caused or threatened serious harm to the child. Further, in both *Caccavallo* and *Pavey*, other aggravating circumstances were present. No other aggravating factors were found to be present in Bresson's case.

Permitting the victim's age to be used as an aggravating factor in cases involving both older and younger children eliminates the presumptive sentence. The maximum sentence would be proper in all child molestation cases, without regard to the absence of other aggravating factors or the presence of mitigating factors. This case is particularly illustrative.

Not only was the victim's age the only aggravating factor found by the trial court, several mitigating factors were also found. Bresson had never been convicted or arrested for any crime, had an excellent employment background and was extremely remorseful. The trial court, however, apparently gave little weight to these factors as it found they were outweighed by the

aggravating factor of the victim's age. Further, the trial court failed to consider other mitigating factors. One factor the court did not consider was Bresson's military history. Bresson is a Viet Nam veteran with a long list of honors including the Bronze Star and Purple Heart. Our supreme court has stated that "it will always give consideration to any defendant who has served in the armed forces of this country and who has honorably so served." *In re Sullivan* (1973), 261 Ind. 183, 301 N.E.2d 363. We also note that while lack of harm is not a mitigating factor, a rational sentencing scheme would punish more severely those who brutalize the victims of their crimes. *Fointno v. State* (1986), Ind., 487 N.E.2d 140. In this case there was no evidence that the crime caused serious harm.

Furthermore, the trial court appears to have ignored our constitutional principle which provides: "The penal code shall be founded on the principles of reformation, and not vindictive justice," IND. CONST., Art. I, § 18. Not only did a psychiatrist testify that Bresson showed a strong likelihood of rehabilitation if counseling were allowed to continue (R. 136, 138), the court's probation officer administered a presentence investigation screening test to Bresson which suggested a sentence of probation with special conditions. (R. 85) [2] While the probation officer felt that the suggested sentence was inappropriate to this type of offense, this court is to review sentences based not only upon the nature of the offense but also upon the character of the offender. *Fointno v. State, supra.*

The trial court in this case appears to have given little or "no consideration to the character of the offender except as it was portrayed in the commission of this crime." *Id.* at 148. Additionally, the trial court failed to demonstrate that the sentence imposed had a relation to the objectives that it was to serve. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. The sentence

evidences a vindictiveness prohibited by our constitution and is not appropriate to the offender. *Fointno v. State* (1986), Ind., 487 N.E.2d 140. It is therefore manifestly unreasonable.

---

**2.** Bresson received three out of five points for his attitude with the comment that he possessed the ability to learn responsible behavior.